ERROL J. HESS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hess v. Commissioner
Docket Nos. 30302-87; 39434-87.
United States Tax Court
T.C. Memo 1989-167; 1989 Tax Ct. Memo LEXIS 170; 57 T.C.M. (CCH) 112; T.C.M. (RIA) 89167; April 17, 1989. John E. Eldridge, for the petitioner. J. Frank Hall, Jr., for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: In docket No. 30302-87, respondent determined deficiencies in petitioner's Federal income tax liabilities for 1981 and 1982 in the amounts of $ 1,909 and $ 2,337. In docket No. 39434-87, respondent determined a deficiency in petitioner's Federal income tax liability for 1984 in the amount of $ 1,577. On February 9, 1989, respondent filed a motion for partial summary judgment in each of these consolidated cases. On March 15, 1989, these cases were called for trial in Knoxville, Tennessee. At trial, the parties announced the settlement of some issues, argued respondent's pending motion for partial summary judgment, and presented evidence on the remaining fact issues (namely, petitioner's entitlement to a dependency exemption for 1981 with respect to his daughter Jennifer, and petitioner's liability for additions to tax under sections 6651(a)(1), 6653(a) (1), 6653(a) (2), and 6654(a)). [1] At the conclusion of trial, respondent also moved for an award of damages against petitioner under section 6673. *172 Petitioner has not filed Federal income tax returns for the years in dispute although income taxes were withheld from petitioner's wages. Among other constitutional issues, petitioner contends that he should not be required to file tax returns until the Government assures him that no portion of his taxes will be used to conduct warfare. On audit, respondent calculated petitioner's tax liability and utilized tax rates applicable to married taxpayers filing separate returns. Petitioner contends that his tax liability should be calculated utilizing joint return rates. It is with regard to petitioner's constitutional contentions and the separate-versus-joint-return issues that respondent has filed a motion for partial summary judgment. The constitutional contentions raised by petitioner repeatedly have been raised by taxpayers and repeatedly have been rejected by this and other courts. See, e.g., , affg. a Memorandum Opinion of this Court; , *173 affg. a Memorandum Opinion of this Court; , affg. per curiam a Memorandum Opinion of this Court; ; ; . We see no reason to elaborate on petitioner's various constitutional contentions, and we reject them as totally without merit. With regard to petitioner's contention that his tax liability now should be calculated under section 6013 using joint return rates, we held in , affd. in part and revd. in part , that joint return rates could be claimed by married taxpayers after respondent issued a notice of deficiency and even though the taxpayers filed a petition in this Court. In so holding, however, we noted that such taxpayers actually would have to file a joint Federal income tax return for the year with respect to which joint return rates were being claimed prior to the date the case is submitted for decision. . *174 In Phillips, respondent issued a notice of deficiency on May 18, 1983. On October 12, 1983, the taxpayer timely filed a petition with this Court. On the same date, the taxpayer filed Federal income tax returns for the years at issue. See also . Petitioner, herein, refuses to file any tax return for the years before us, and he therefore is not entitled to joint return rates in the calculation of his Federal income tax liabilities. For the above reasons, respondent's motion for partial summary judgment will be granted as to the constitutional arguments made by petitioner and as to petitioner's entitlement to joint return rates. We next address petitioner's claimed entitlement to a dependency exemption in 1981 for his daughter Jennifer. The evidence shows that although petitioner's former spouse had legal custody of Jennifer during all of 1981, Jennifer lived with petitioner from January 1, 1981 through July 4, 1981, during which months petitioner paid all of Jennifer's expenses. The evidence also shows that from July 4, 1981 through December 31, 1981, when Jennifer lived with petitioner's former spouse, petitioner *175 paid monthly support payments as required under the terms of the divorce from his former spouse. In order for petitioner to prevail on this issue, he must clearly establish that he paid more than half of Jennifer's support in 1981. Sec. 151. We believe petitioner has done this. He paid all of Jennifer's support for the first six months of the year and substantial support for the remainder of the year. On the record before us, we conclude that petitioner is entitled to claim a dependency exemption for his daughter Jennifer for 1981. Concerning the additions to tax at issue in this case, little evidence was submitted. Petitioner has the burden of proof with regard thereto, and we sustain respondent's imposition of each of the additions to tax except any of the additions to tax that may be eliminated due to the reduced amount of the tax deficiency determined herein for 1981. On this record, we decline to award damages under section 6673. An appropriate order will be issued, and decisions will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩